IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHN N. STROUD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| WELTMAN, WEINBERG & REIS CO., LPA, SHERMAN FINANCIAL GROUP, LLC, LVNV FUNDING LLC, and RESURGENT CAPITAL SERVICES L.P., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff John N. Stroud (hereinafter "Plaintiff") is a natural person who resides in Hawkins County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Defendant Weltman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Alan Weinberg, 323 W. Lakeside Ave., Ste. 200, Cleveland, OH 44113.

6. Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

9. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Citibank, and allegedly owed by Plaintiff.

10. After default, the alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

11. Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise. Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

12. On its webpage, Defendant Sherman explains that it "is a diversified consumer finance company that, through its subsidiaries and affiliates, originates, purchases and services all types of consumer debt in the United States and Mexico."

13. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in performing and non-performing consumer debt originated by financial institutions, credit

card companies, retailers and others, and the servicing of an array of consumer assets."
See http://www.sfg.com/ last visited April 15, 2012.

14. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

15. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts after default and attempting to collect them from consumers.

16. Defendant Weltman is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

### *False, Deceptive, Misleading, and Unfair Communications*

### *April 15, 2011 Collection Letter*

17. Within one year prior to the filing of this Complaint, on or about April 15, 2011, Defendant Weltman sent a collection letter to Plaintiff dated April 15, 2011. *A copy of the May 7, 2011 collection letter is filed as Exhibit 1 to this Complaint.*

18. The April 15, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

19. The April 15, 2011 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the April 15, 2011 collection letter in capital letters and bold print.

20. The April 15, 2011 collection letter was a subsequent communication in connection with collection of the debt by Defendant Weltman on behalf of the Sherman Defendants.

21. The April 15, 2011 collection letter stated:

>     RE:   LVNV FUNDING LLC
>           Original Creditor: CITIBANK
>           Account No.: 374281146
>           WWR No.: 9064430
>           Balance Due as of April 15, 2011: $2,573.17

22. The April 15, 2011 collection letter further stated that:

> "As you are aware, this law firm represents our client on the above referenced matter. Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts.
>
> . . .
>
> We would like to offer you an opportunity to take advantage of the substantial savings available by speaking with a collection representative from our office.
>
> Thank you for your anticipated willingness to resolve this matter. This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose."

23. The April 15, 2011 collection letter was not signed.

24. Defendant Weltman is an artificial entity and does not possess a law license in the state of Tennessee.

25. The prominent display of the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the April 15, 2011 collection letter in capital letters and bold print on Defendant Weltman's letterhead, implies that attorneys, acting as attorneys, are involved in collecting the debt from the Plaintiff.

26. The least sophisticated consumer, upon receiving the April 15, 2011 collection letter, may reasonably believe that an attorney has reviewed his file and has determined that he is a candidate for legal action.

27. The sending of the April 15, 2011 collection letter by Defendant Weltman to the Plaintiff, who is an individual consumer in Tennessee, that prominently displays the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print, is the false representation or implication that any individual attorney in the Defendant Weltman law firm is licensed as an attorney in Tennessee, and that the communication is from an attorney, when there are no attorneys in the Defendant Weltman law firm licensed to practice in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

28. The statement in the April 15, 2011 collection letter – "As you are aware, this law firm represents our client on the above referenced matter. Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts"— when included in a letter from an attorney could be reasonably interpreted by the least sophisticated consumer as advancing a threat of legal action against Plaintiff in Tennessee when Defendant Weltman is an artificial entity and does not possess a law license in the state of Tennessee and is unable to file a lawsuit against Plaintiff in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10).

29. The statement in the April 15, 2011 collection letter – "Thank you for your anticipated willingness to resolve this matter"— when combined with the required disclosure that "This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose" – when included in a letter from an attorney could be reasonably interpreted by the least sophisticated consumer as advancing

a threat of legal action against Plaintiff in Tennessee when Defendant Weltman is an artificial entity and does not possess a law license in the state of Tennessee and is unable to file a lawsuit against Plaintiff in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10).

30. Despite the implication in the April 15, 2011 collection letter that Defendant Weltman would pursue legal action to collect the debt and that Plaintiff would only avoid further collection activity on the debt if he contacted a Defendant Weltman collection immediately, Plaintiff did not contact Defendant Weltman to discuss the debt and a year later Plaintiff has not been subjected to any further collection activity on this debt by Defendant Weltman, except the sending of additional collection letters.

31. The statement in the April 15, 2011 collection letter by Defendant Weltman – "Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts" – created the false impression that Defendant Weltman would be successful against Plaintiff if legal action were pursued when Defendant Weltman is an artificial entity and does not possess a law license in the state of Tennessee and is unable to file a lawsuit against Plaintiff in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10).

32. The statement in the April 15, 2011 collection letter by Defendants that – "Perhaps you already spoke to a collection representative who explained the seriousness of the matter, or maybe you have not yet called us to discuss payment options. In any event, it is our client's desire to resolve this matter timely and amicably without further collection efforts" – was the false representation by Defendant Weltman of it's intent to imminently file suit when,

upon information and belief, the collection letter was sent before any decision was made to take legal action, Defendant Weltman has not taken such action although it has been a year since the collection letter was sent and Plaintiff has not been subjected to any further collection activity by Defendants, and, upon information and belief, Defendant Weltman does not pursue state court collection lawsuits against consumer debtors in Tennessee because it is an artificial entity and does not possess a law license in the state of Tennessee and is unable to file a lawsuit against consumer debtors in Tennessee, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1962e(4), 1692e(5), and 1692e(10), amongst others.

### *May 7, 2011 Collection Letter*

33. Within one year prior to the filing of this Complaint, on or about May 7, 2011, Defendant Weltman sent a collection letter to Plaintiff dated May 7, 2011.  ***A copy of the May 7, 2011 collection letter is filed as Exhibit 2 to this Complaint.***

34. The May 7, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

35. The May 7, 2011 collection letter prominently displays the name: "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print.

36. The May 7, 2011 collection letter was a subsequent communication in connection with collection of the debt by Defendant Weltman on behalf of the Sherman Defendants.

37. The May 7, 2011 collection letter stated:

>     RE:   LVNV FUNDING LLC
>           Original Creditor: CITIBANK
>           Account No.: 374281146
>           WWR No.: 9064430
>           Balance Due as of May 7, 2011:  $2,584.94

38. The May 7, 2011 collection letter further stated that:

    > "Please be aware that our client has authorized us to accept 30% of the total balance due as settlement of this account. It is important that you contact this office to discuss the amount necessary to settle this account.
    >
    > This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.
    >
    > Thank you for your attention and cooperation in this matter."

39. The May 7, 2011 collection letter was not signed.

40. The sending of the May 7, 2011 collection letter by Defendant Weltman to the Plaintiff, who is an individual consumer in Tennessee, that prominently displays the name, "**WELTMAN, WEINBERG & REIS Co., LPA ATTORNEYS AT LAW**" at the center and top of the page in capital letters and bold print, is the false representation or implication that any individual attorney in the Defendant Weltman law firm is licensed as an attorney in Tennessee, and that the communication is from an attorney, when there are no attorneys in the Defendant Weltman law firm licensed to practice in Tennessee, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

### *Collection Service Licensing – Defendant Sherman and Defendant LVNV*

41. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was**

**purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

42. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

43. Defendant Sherman and Defendant LVNV are each a "collection service" as defined by Tennessee state law.

44. As of the date of the filing of the collection lawsuit against Plaintiff, neither Defendant Sherman nor Defendant LVNV had applied for or been issued a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

45. By attempting to collect the debt from Plaintiff at a time when Defendants Sherman and LVNV were not licensed as a collection service by the Tennessee Collection Service Board, Defendants Sherman and LVNV violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Collection Service Licensing – Defendant Weltman*

46. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

47. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

48. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

49. Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter. Tenn. Code Ann. § 62-20-118.

50. Defendant Weltman has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

51. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. Tenn. Code. Ann. § 62-20-103(a)(2).

52. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys as being "applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys." Tennessee Attorney General ("TAG") Opinion No. 00-105. A copy of this opinion is filed as Exhibit 2 to this Complaint.

53. As the attorneys who are members of Defendant Weltman are not attorneys licensed to practice in the State of Tennessee, the Sherman Defendants could only have hired Defendant Weltman as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

54. The Sherman Defendants failed to determine that Defendant Weltman was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

55. By attempting to collect the debt from Plaintiff at a time when Defendant Weltman was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Weltman violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

56. The failure of Defendant Weltman to become licensed by the Tennessee Collection Service Board when it could have been hired only as a collection service and not for its services as attorneys would mislead the least sophisticated consumer by suggesting that Defendant Weltman had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

### *Respondeat Superior Liability*

57. The acts and omissions of Defendant Weltman as an agent for the Sherman Defendants and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principals, the Sherman Defendants.

58. The acts and omissions by Defendant Weltman were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by the Sherman Defendants in collecting consumer debts.

59. By committing these acts and omissions against Plaintiff, Defendant Weltman was motivated to benefit its principals, the Sherman Defendants.

60. The Sherman Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in

violation of federal law by the debt collectors employed as agents by the Sherman Defendants including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

61. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

65. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/15/2012                                    Respectfully submitted,

                                              **JOHN N. STROUD**


                                              /s/      Alan C. Lee
                                              Alan C. Lee, Esq., BPR # 012700
                                              Attorney for Plaintiff
                                              P. O. Box 1357
                                              Talbott, TN 37877-1357
                                              (423) 736-0201
                                              info@alanlee.com